IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN CARPENTER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:18-cv-2338 |
| | § | |
| v. | § | ON REMOVAL FROM |
| | § | CAUSE NO. DC-18-09810 |
| | § | DALLAS COUNTY, TEXAS |
| BOSTON SCIENTIFIC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**BOSTON SCIENTIFIC CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Boston Scientific Corporation ("Boston Scientific") hereby files this Notice of Removal from the 68th Judicial District of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division,[1] and alleges as follows:

**I.     INTRODUCTION**

1.     On July 27, 2018, Plaintiff Carolyn Carpenter ("Plaintiff") filed a law suit in the 68th Judicial District of Dallas County, Texas, styled *Carolyn Carpenter v. Boston Scientific Corporation*, No. DC-18-09810.  Plaintiff served the Petition on Boston Scientific on August 13, 2018.

2.     The Petition asserts product liability claims against Boston Scientific.  Plaintiff's claims against Boston Scientific are predicated on injuries Plaintiff allegedly incurred following a surgical procedure involving Boston Scientific's Advantage Fit Transvaginal Mid-Urethral Sling

---

[1] By removing this action to this Court, Boston Scientific does not waive any defenses, objections, or motions available under state or federal law.  Boston Scientific expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

1

System ("Advantage Fit") on April 5, 2012.  *See* Pet. ¶¶ 7, 32.

3. This Court has original subject matter jurisdiction over this civil action pursuant to 27 U.S.C. §1332 because there is complete diversity of properly joined parties, and the amount in controversy exceeds the sum or value of $75,000.

## II.   PROCEDURAL COMPLIANCE

4. In accordance with Local Rule 81.1 and 28 U.S.C. § 1446(a), attached as appendices hereto are:

**EXHIBIT A:**   Index of all documents, clearly identified and indicating the date the document was filed in the state court;

**EXHIBIT B:**   A copy of the docket sheet in the state court action;

**EXHIBIT C:**   Plaintiff's Original Petition, which is the only pleading filed in the state court action to date;

**EXHIBIT D:**   A signed Certificate of Interested Persons that complies with LR 3.1(c) or 3.2(e)

5. Pursuant to 28 U.S.C. § 124(a)(1), the U.S. District Court for the Northern District of Texas, Dallas Division, is the federal judicial district encompassing the District Court of Dallas County, Texas, where this suit was originally filed.  Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

6. This Notice of Removal is timely.  Boston Scientific files this Notice of Removal within 30 days of August 13, 2018, the date of service of the initial pleading upon Boston Scientific.  *See* 28 U.S.C. § 1446(b)(1).

7. A written notice with a copy of this Notice of Removal is being served on all parties to this action and is being filed with the Clerk of the 68th Judicial District Court of Dallas County, Texas, as provided by 28 U.S.C. § 1446(d).

667929 v1

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

### A. Diversity of Citizenship Exists Among Parties.

8. Upon information and belief, Plaintiff is, and was at the time of the filing of this action, a resident and citizen of Texas. *See* Pet. ¶ 2.

9. Defendant Boston Scientific is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Massachusetts. Boston Scientific is therefore a citizen of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business . . .").

10. Because Plaintiff and Defendant Boston Scientific are not citizens of the same state, diversity of citizenship exists between Plaintiff and Boston Scientific.

### B. The Amount in Controversy Requirement is Satisfied.

11. Plaintiff's Petition does not plead a specific statement of the damages sought as required by Texas Rule of Civil Procedure 47(c). *See* Pet. Where a complaint does not specify the amount of damages, however, a removing defendant need only show that the minimum sum necessary to confer federal diversity jurisdiction is at issue. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In particular, the defendant may show that the amount in controversy exceeds the jurisdictional requirement by demonstrating that it is "facially apparent" that the amount in controversy likely exceeds $75,000.00. *See id.*

12. It is apparent from the face of Plaintiff's Petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). Plaintiff seeks recovery for alleged physical pain and mental anguish in the past and future, loss of earning

3

capacity in the future, disfigurement in the past and future, physical impairment in the past and future, as well as past and future medical expenses.  Pet. ¶ 71.  Additionally, Plaintiff seeks exemplary damages.  Pet. ¶ 72.

13. Similar allegations have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement of $75,000.00.  *See, e.g., Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met where plaintiff sought medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, permanent disability and disfigurement); *Nadeau v. Mentor Tex., L.P.*, No. 3:03-CV-2312-L, 2005 WL 1553958, at *2 (N.D. Tex. Jul. 1, 2005) (holding amount in controversy satisfied where plaintiff sought recovery for pain and suffering, mental anguish, disfigurement, past and future medical expenses and punitive damages); *Sorensen v. Ashmore*, 4 F. Supp. 2d 669 (E.D. Tex. 1998) (holding amount in controversy satisfied where plaintiff sought attorney's fees, actual damages, damages for emotional distress and punitive damages).  Accordingly, it is apparent that the amount in controversy requirement is satisfied.

14. The damages awarded to plaintiffs in similar federal cases also demonstrate Plaintiff's intent to seek over $75,000.00.  *See Huskey v. Ethicon, Inc.*, No. 2:12-cv-05201 (S.D. W. Va. 2014), ECF No. 402, 431 (returning a verdict against Ethicon for strict liability and negligence claims related to the implantation of a pelvic mesh device); *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D. W. Va. 2013), ECF No. 436, 449 (returning a verdict against C.R. Bard for claims related to the implantation of a pelvic mesh device).  The fact that other similarly situated plaintiffs have received verdicts for more than the minimum amount-in-controversy in similar cases demonstrates the instant Plaintiff's intent to seek over $75,000.00.

15. Plaintiff's claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## IV. DEMAND FOR JURY TRIAL

Boston Scientific hereby demands a jury trial as to all claims triable in this action.

## V. CONCLUSION

WHEREFORE, Boston Scientific hereby gives notices that the matter styled as *Carolyn Carpenter v. Boston Scientific Corp.*, No. DC-18-09810, is removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

SHOOK, HARDY & BACON LLP

By:   */s/ Kelsey A. Copeland*
      Kelsey A. Copeland
      State Bar No. 24073683
      E-Mail: kcopeland@shb.com
      600 Travis Street, Suite 3400
      Houston, Texas  77002-2926
      Telephone:  713-227-8008
      Facsimile:    713-227-9508

*Attorneys for Defendant,*
*Boston Scientific Corporation*

## **CERTIFICATE OF SERVICE**

      I certify that on the 4th day of September, 2018, I served a true and correct copy of DEFENDANT BOSTON SCIENTIFIC CORPORATION'S NOTICE OF REMOVAL to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                      */s/ Kelsey A. Copeland*
                                      KELSEY A. COPELAND

667929 v1